THE CITY OF ST. LOUIS, Respondent, *v.* MANUFACTURERS' SAVINGS BANK, Appellant.

1. *Revenue — Banks — Taxation, surrender of — Power to increase.*— The charter of the Manufacturers' Savings Bank of St. Louis declared that one per cent. of the net profits of the bank should be paid to the State, but contained no negative or restrictive words indicating any intention of the State to surrender the power of taxation if it saw fit to do so. *Held*, that clause of the charter referred to was a contract between the company and the State, but that an ordinance imposing a license in addition to the above one per cent. was not unconstitutional as impairing its obligation. The rule is that the Legislature has full power and control over the subject of taxation, and that this power will never be considered surrendered unless it is done expressly or by necessary implication in the charter itself.

2. *Revenue—Power of taxation, delegation of.*—Where the Legislature has the power to tax an institution it may delegate that power to a city corporation.

*Appeal from St. Louis Criminal Court.*

*James Taussig*, with *Krum & Decker*, for appellant.

I.  By the charter from the State the appellant, among other franchises, obtained the right to transact its business of banking in the city of St. Louis, and has thus a license from the State for that purpose.    The city of St. Louis cannot exact a license fee or prevent the transaction of the business of the corporation without impairing the obligation of the contract made by the State.

1.  The charter granted by the State to the Accommodation Bank is a contract which is inviolable, and which requires no money consideration to support it.    (Home of the Friendless v. Rowse, 8 Wall. 436.)

2.  But in the case at bar an express money consideration is reserved for the franchises granted.  (Sess. Acts 1863, p. 154.)

3.  The contract thus made by the State gives the appellant the right to transact its business in St. Louis.    The charter is a license from the State.   (Chilvers v. The People, 11 Mich. 49, 50 ; License Tax Cases, 5 Wall. 470.)

4.  The right and privilege thus acquired by the corporation from the State cannot be impaired by or burdened with a tax or license by a municipal corporation which is created by the State. (McCulloch v. Maryland, 4 Wheat. 316 ; Gordon v. Appeal Tax Court, 3 How., U. S., 150.)

5.  The State subjects all the property of the appellant to taxation under the general revenue law ; the city also exacts from the appellant a tax on all its property ; the State also exacts from the appellant a separate license tax of one per cent. of its net earnings, and thus all species of property and rights owned and enjoyed by the corporation are fully taxed.    The license now sought to be exacted would therefore be a double tax.  (See Rev. Ord. of St. Louis, 1871, City Charter, art. III, § 1, pp. 69–70 ; art. VI, p. 87.)

6.  If the city has a right to exact a license fee of $200 it may exact a license fee of $10,000, and may thus, in the shape

of the exaction of a license fee, prohibit and prevent the exercise of the franchise and privilege granted by the charter. (Brown v. Maryland, 12 Wheat. 439.)

7. The power to demand a license is always strictly construed against the municipality. (Chess v. Birmingham, 1 Grant, 438 ; Bennett v. Borrough, 7 Casey, 15 ; Philips v. Allen, 6 Wright, 481.)

II. If the license sought to be exacted in this case is claimed by the city to be " a tax for revenue " and not a " police regulation," or a " fee for the exercise of the franchise," then the case presents this feature, that under the provisions of the city charter and ordinances the city levies " a tax for revenue " of one and a half per cent. on all the property of the appellant, and under the provisions of the ordinance relied on in this case the city levies " another tax for revenue " in the shape of a license fee of $200. We submit, as an axiomatical proposition, that the city cannot tax the same property twice or in two different shapes.

*E. P. McCarty*, for respondent.

" A law which seeks to deprive the Legislature of the power to tax must be so clear, explicit and determinate that there can be neither doubt nor controversy about its terms or the consideration which renders it binding. Every presumption will be made against its surrender, as the power was committed by the people to be exercised and not alienated." (City of St. Louis v. Boatmen's Ins. and Trust Co., 47 Mo. 156 ; Washington University v. Rowse, 42 Mo. 308 ; see also Jefferson Branch Bank v. Skelly, 1 Black, U. S., 436 ; Charles River Bridge v. Warren Bridge, 11 Pet. 547; Providence Bank v. Billings, 4 Pet. 561.)

WAGNER, Judge, delivered the opinion of the court.

In pursuance of authority granted to it in its charter, the city of St. Louis passed an ordinance providing that no person or association, corporation, or savings institution, should carry on the business of dealing in, buying or selling or discounting any kind of bills of exchange, checks, drafts, bank or promissory notes, etc., without a license for that purpose continuing in force.

The license required by the ordinance was to be issued to any person applying for the same, at the rate of $200 per year, and for every violation of the ordinance the party guilty was subjected to a fine of $200. The appellant continued to prosecute the business without taking out a license, and was proceeded against and found guilty, and fined accordingly. It is insisted that the appellant is relieved from complying with the requirement of the ordinance on the ground that its charter exempts it from the proposed taxation. It is a bank chartered by the State, with its place of business in the city of St. Louis, and by the eighth section of the act incorporating it, it is declared that one per centum of the net profits of the bank shall be paid to the State for the use and benefit of the Missouri Institute for the Education of the Blind. This, it is contended, is a contract with the State, giving it the privilege of doing business on the payment of that amount, and that the regulation of the city exacting the payment of an additional license is void. The act of incorporation is undoubtedly a contract, but the corporation takes nothing by its charter except what is plainly, expressly and unequivocally granted. The charter says that one per centum of the net profits of the bank shall be paid to the State. But there are no negative or restrictive words used indicating any intention of the State to surrender the power of increasing the rate if it saw proper to do so.

Where there is an express contract created in the charter, any law materially interfering with its fundamental conditions would impair its obligation, and would therefore come within the meaning of the constitution and be entitled to its protection.

But it is equally well settled that the Legislature has full power and control over the subject of taxation, and that this power will never be considered surrendered unless it is done expressly or by necessary implication in the charter itself. (City of St. Louis v. Boatmen's Ins. and Trust Co., 47 Mo. 150.)

The same principle that arises in this case was passed upon in The Bank of Easton v. The Commonwealth, 10 Barr, 442. There, by the charter, the bank was required to pay taxes at a fixed rate, and that rate was increased by subsequent legislation. It was

earnestly argued that the rate of taxation agreed upon in the charter implied a contract on the part of the State to claim nothing more. But it was held otherwise, on the ground that if such an exemption existed it must be the result of a deliberate intention, distinctly manifested, to relinquish this prerogative of sovereignty. The court declared that " to give the act of incorporation such· a construction would be a gross violation of the wholesome principle that an abandonment of the power of taxation is only to be established by clearly showing this to have been the deliberate purpose of the State."

The corporation is strictly confined to the power granted in its charter, and in all things else the authority which the State may exercise over its affairs is as full and ample as if it were an individual carrying on the same business. I conclude that if the State by a valid contract had alienated its right to further tax the appellant, then it would not have the power to delegate that right to the city. But as I think the power was retained and not surrendered, it necessarily follows that it was competent to permit the municipality to exercise it. Entertaining these views, I therefore advise an affirmation of the judgment.

Judgment affirmed; the other judges concurring.