## THE CITY OF WYANDOTTE V. THOMAS CORRIGAN.

1. STREET RAILROAD — *Regulation by City; License Tax.* A city granted to a corporation a franchise to construct and operate a street railroad within its limits, and in the ordinance conferring the grant provided how and when it should be constructed, and the manner in which it should be maintained. *Held,* That the grant thus made will not exempt the corporation from reasonable regulation by the city in the operation of the road, nor will it prevent the city from levying and collecting a license tax thereon.

2. GRANTS TO CORPORATIONS; *Strict Construction.* Grants of this class are not to be extended by construction beyond the plain terms in which they are conferred, but should be construed strictly against the corporation, or those claiming under the grant, and in favor of the public.

3. CORPORATION; *Agent Violating City Ordinance.* An agent or employé of such corporation who knowingly operates or assists in operating a street railway when the license tax imposed on such business is unpaid, will be liable to prosecution and punishment, as prescribed by the ordinance.

*Appeal from Wyandotte District Court.*

PROSECUTION for the violation of ordinance No. 448, of the city of Wyandotte. From a conviction in the police court of the city, the defendant appealed to the district court, and was there tried and again convicted. The ordinance for the violation of which the defendant was prosecuted was entitled: "An ordinance regulating the collection of a license tax on the corporations herein named." Section 1 of the ordinance provided:

"That it shall be unlawful for any person or persons, firm or corporation, to transact, engage in, or pursue any business or vocation, or to do any act, or make any exhibition hereinafter named, described or specified, in the city of Wyandotte, without first having paid such sum or sums, and obtained a license so to do, as hereinafter provided or required."

Section 2 provided that there should be charged and collected for every license granted for any business or occupation, or object herein named and specified, as follows: . . . After enumerating the sums to be charged and collected for other business occupations and objects, section 26 provided

that there should be charged and collected "upon a street railway company's license one hundred dollars per year."

Section 36 of the ordinance provided that—

"Whoever shall violate or neglect or refuse to conform to or to observe the preceding provisions of this ordinance, and any or either of them, by carrying on or engaging in any business, occupation or profession named in this ordinance, without having first taken out a license, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in a sum not to exceed one hundred dollars."

In 1871 the mayor and council of the city of Wyandotte enacted an ordinance authorizing the Kansas City and Wyandotte Street Railway Company to construct and operate a street railway upon certain streets and avenues within the city. This ordinance was amended in 1881 by ordinance No. 330. Section 3 of the amended ordinance provided:

"The said street railway company shall construct a second or double track along and upon such parts of the said streets and avenues as they now are operating their road upon, and shall construct said track alongside of the one now laid, and upon the side and in the manner that shall be designated by the city engineer; the said track to be laid and completed on or before, and said road shall be maintained and operated as a double-track road from and after, the first day of July, 1881; all of said new track to be laid with flat rails so as not to interfere with public travel, and said company to keep said track of said road up to the established grade of said streets, and to keep the same in good repair. Also, the space occupied by its track and the space between the tracks to be four feet in width.

"SEC. 4. The said railway company shall, within thirty days after the passage and approval of this ordinance, make such running arrangements with the Jackson County Horse Railroad Company of Kansas City, Missouri, as to run all of the cars of the Kansas City & Wyandotte Railway Company through without change from the western terminus of the said road in the city of Wyandotte to the public square in the City of Kansas, Missouri, making a through line of said roads, on which through line there shall be at all reasonable hours and times run at least twelve cars.

"SEC. 5. The said railway company may collect fare as fol-

lows: For every person over the age of five years riding in said cars, five cents and no more, for one trip over said road or any part thereof between the state line and any point in the city of Wyandotte to which said road shall run, or *vice versa*.

"SEC. 6. The said railway company shall be entitled to the rights, privileges and benefits of this ordinance for the full term and period of twenty-one years from and after this ordinance takes effect."

The cause was tried in the district court upon an agreed statement of facts, which is as follows:

"It is agreed by the parties hereto, that said railroad is operated only on the streets specified; that Thomas Corrigan, the defendant, on or about the 22d day of March, 1884, was the general manager of a street railway company running and operating cars in the city of Wyandotte under ordinance No. 330, and the ordinance of which the same was amendatory; and said defendant, on said day, did run and operate said cars and said street railway, without first having procured any license therefor, or paid any license tax thereon, as provided by ordinance No. 448. All other questions are waived."

The trial resulted in a conviction of the defendant, and on August 9, 1884, he was adjudged to pay a fine of twenty-five dollars, with the costs of prosecution, from which judgment he appeals.

*John C. Tarsney*, for appellant.

*Henry McGrew*, city attorney, for appellee.

The opinion of the court was delivered by

JOHNSTON, J.: The mayor and council of the city of Wyandotte, by an ordinance adopted in 1871, which was amended in 1881, authorized the Kansas City & Wyandotte Street Railway Company, of which the appellant is general manager, to construct and operate a street railway upon and along certain streets and avenues within the city. In the ordinances granting the franchise, it was provided that it should be constructed and maintained as a double-track railway; that the tracks should be laid flush with the streets and with flat rails, so as not to interfere with public travel, and should be kept in

good repair; also that the company should operate its railway
in connection with one in Missouri, so that cars should be run
over both lines without change, making a through line on
which cars should be run at all reasonable hours and times, and
further providing a maximum fare which should be charged
for transportation over the company's line.   From the record
presented in this case, it does not appear that any other duties
or obligations were imposed upon the company by the ordi-
nance granting the franchise, nor does it appear that it con-
tained any express exemption from municipal regulation or
control, nor from the liability of others doing business within
the city.   The defendant urges that the granting of the fran-
chise and its acceptance by the company constituted a contract
within the protection of the federal constitution, which could
not be impaired by any subsequent legislation of the city
without the assent of the company; and he contends that no
other or different conditions or burdens could be imposed
than those mentioned in the ordinances, and therefore that the
license tax could not be enforced against the company, or any
of its agents.   It may be conceded that the grant and its ac-
ceptance constitute a contract the obligation of which comes
within the protection invoked; but the extent of the contract
is not what is claimed.   It does not involve any conditions or
exemptions beyond those which are clearly expressed or neces-
sarily implied.   It is well settled that grants of this class are
not to be extended by construction beyond the

2. Grants to cor-
porations,
strictly con-
strued.

plain terms in which they are conferred, but
should be construed strictly against the corpo-
ration, or those claiming under the grant, and in favor of the
public.   It has been said in respect to grants of special privi-
leges, that—

"Nothing is to be taken as conceded, but what is given in
unmistakable terms, or by an implication equally clear.   The
affirmative must be shown; silence is negative, and doubt is
fatal to the claim." (*Fertilizing Co. v. Hyde Park*, 97 U. S.
659.)

The application of this rule will overthrow the contention

of the appellant.   As has been seen, the ordinance conferring
the grant provided only for the manner of constructing, main-
taining and operating the road.   Nothing in the letter or
spirit of the ordinance indicates any intention

1. Street railroad;
   regulation by
   city.

on the part of the city to relinquish municipal
regulation and control of the company, if, in-
deed, it can be done, nor to relieve it from taxation, or the
ordinary burdens to which other corporations and natural per-
sons within the city are subject.   The company must be held
to have taken the franchise knowing that the business of oper-
ating the road must be conducted under such reasonable rules
and regulations as the municipality might impose, and subject
to its share of the burdens incident to the conduct of the munic-
ipal government.   The requirements mentioned in the ordi-
nance do not embrace, and are not in any sense inconsistent
with, the one now made, and of which the appellant com-
plains.   Express authority is conferred upon cities of the
second class to levy and collect a license tax upon the busi-
ness of operating a street railroad, (Laws of 1871, ch. 40,
§ 3,) and the validity of such legislation has been considered
and sustained. (*City of Newton v. Atchison*, 31 Kas. 151.)

We have examined the authorities cited by plaintiff in
error, but in them we find nothing in conflict with the con-
clusion which we have reached.   There has been considerable
discussion in regard to whether the imposition of the license
tax is an exercise of the police power, or of the power of tax-
ation, but this is a matter of indifference in this case, as it is
manifest from the contract made that it was not intended by
the parties that either should be bargained away or surren-
dered.   We conclude, then, that the conditions stated in the
charter, providing how and when the road shall be constructed,
and the manner in which it shall be maintained and operated,
will not exempt the company from reasonable regulation in
other respects, or from bearing its share of the public burdens.
(*San José v. S. J. & S. C. Rld. Co.* 53 Cal. 475; *Frankford &c.
Rld. Co. v. Philadelphia*, 58 Pa. St. 119; *Johnson v. Phila-
delphia*, 60 id. 445; *City of St. Louis v. Manufacturers' Sav-*

*ings Bank*, 49 Mo. 574; *City of St. Louis v. Mo. R. Co.*, 13 Mo. App. 524; *Wiggins Ferry Co. v. E. St. Louis*, 107 U. S. 365; *Union Passenger Rly. Co. v. City of Philadelphia*, 83 Pa. St. 429.)

The appellant further contends that he cannot be held criminally responsible for the failure of the company to pay the license tax, claiming that the ordinance did not impose the duty of paying such tax upon any officer, servant or employé of the company. This contention has no ground upon which to rest. A corporation can only act through its agents, and by the agreed facts it is shown that the appellant is the general manager of the company, and that he was actually engaged in running cars and operating a street railway at the time charged when the license tax provided by the ordinance was unpaid. The ordinance makes it unlawful for any *person* or firm, as

3. Agent of corporation to procure license tax.

well as a corporation, to engage in any of the occupations or classes of business mentioned, without procuring a license and paying the tax, and provides further that *whoever* shall engage in such business in violation of such ordinance shall be convicted and punished. It is immaterial whether the appellant was acting for himself or for the company. He was engaged in the business of operating a street railway within the city while the tax was unpaid, and must therefore suffer the penalty.

The judgment of the district court will be affirmed.

All the Justices concurring.