E. A. CAMPBELL v. THE CITY OF ANTHONY.

1. CITY — *Authority to License* — *Lumber Dealers.* A city ordinance of a city of the second class providing for the levy and collection of a license tax on lumber dealers is authorized by the act incorporating such cities, as lumber dealers are included within the general designation of "merchants and retailers."

2. LICENSES — *Criminal Prosecution* — *Liability of Agent.* A person acting as the agent of a non-resident lumber company as a salesman within the corporate limits of the city, who knowingly assists in the conduct of its business, when the license tax imposed on the lumber dealer is unpaid is liable to prosecution and punishment as prescribed by the ordinance.

*Appeal from Harper District Court.*

PROSECUTION for the violation of a city ordinance. The defendant *Campbell* appeals from a judgment against him at the January term, 1887.

*Isaac A. Love,* for appellant.

*Geo. E. McMahon,* for The City.

Opinion by SIMPSON, C.: This is a criminal appeal from the district court of Harper county. The appellant was convicted of a violation of a city ordinance relating to license taxes, which provided: "That a semi-annual license tax be levied upon and collected from each and every person, association of persons, prosecuting their trade or calling within the city limits, and coming within the provisions of this ordinance; said tax to be as follows." Among those enumerated in the ordinance are lumber dealers, each $25. The case was submitted for trial in the district court upon the following agreed statement of facts:

"1. The defendant, at the time charged in the complaint was, and still is, the agent of the Rock Island Lumber Company, a foreign corporation, having a lumber yard for the sale of lumber within the limits of said city of Anthony.

"2. As such agent the defendant has had charge of said corporation's lumber yard, in the said city of Anthony, and

the conducting of said business in the selling of lumber, collecting the proceeds thereof, and accounting thereof to said corporation.

"3. At the time in said complaint charged, neither this defendant nor said Rock Island Lumber Company held or were acting under a license to engage in the business of a lumber dealer, or any license from said city of Anthony, and that said business was carried on and is still being carried on without having purchased a license therefor from the city clerk of said city of Anthony.

"4. The defendant, E. A. Campbell, has no interest in the Rock Island Lumber Company, and owns no part of its stock, and is working for it for a certain sum of money per month as an employé, and has no power to direct the management of the said corporation's affairs, and has only power to do what is by his superiors directed, and that he had no authority from it to procure a license from said city for said corporation; also that he has nothing to do with the purchasing of lumber or any of the supplies."

The court found the appellant guilty of a violation of the ordinance, and assessed a fine against him of $25, and costs amounting to $10.60. In this court these two propositions are urged as sufficient for a reversal of the judgment of conviction: First, the city council had no power under the charter, to impose a license tax on lumber dealers; second, the evidence fails to bring the appellant within the provisions of the ordinance.

The first is based upon the assumption that as the term "lumber dealer" does not expressly occur in that provision of the charter that authorizes cities of the second class to levy a license tax, therefore the power does not exist, or that lumber dealers are not included in the general designation of "merchants and retailers," as used in the statute. It is true that lumber dealers are not specially named in that section of the act to incorporate cities of the second class which confers upon the council the power to levy and collect a license tax. The section enumerates many occupations, and expressly mentions many kinds of business, as being subject to such a tax, and among them merchants and retailers; and unless the occupation and business of a lumber dealer comes within

the general meaning of a merchant or retailer, then this ordinance does not operate on the appellant. A merchant is defined to be "one who traffics or carries on trade; one who buys goods to sell again; one who is engaged in the purchase and sale of goods." A retailer is defined to be "one who sells goods by small quantities, or parcels.". "Goods," as used in this definition, includes wares, commodities and chattels. We have no doubt but that a lumber dealer is included in the ordinary signification of both a merchant and retailer. In the case of *City of Newton v. Atchison*, 31 Kas. 151, which was sharply contested, elaborately argued by counsel, and thoroughly considered by the court, a hardware dealer was confessedly included within the general term of merchant.

The second cause of reversal is so clearly covered by the reasoning of this court in the case of *City of Wyandotte v. Corrigan*, 35 Kas. 21, that there is no reason for further discussion.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.