‖          CITY OF GIRARD v. O. J. BISSELL.

CITIES — *License Tax on Doctors.* Section 3 of chapter 40 of the Laws of 1881 confers express authority upon cities of the second class to pass an ordinance providing for the levy and collection of a license tax upon doctors practicing medicine in such cities. (*City of Newton v. Atchison*, 31 Kas. 151, followed.)

*Appeal from Crawford District Court.*

THE opinion states the case.

*O. J. Bissell,* appellant, for himself.

Opinion by GREEN, C.: The appellant in this case was tried and found guilty of violating an ordinance of the city of Girard, which provided for a business license tax upon each and every business, occupation, calling, vocation and

profession, operated, carried on, practiced or maintained, in said city. The case was first tried before the police judge of the city, and appealed to the district court, where the defendant was again found guilty, and fined in the sum of five dollars. The case was tried by the court upon the following agreed statement of facts:

"1. The said city of Girard, Kansas, is a city of the second class, organized under the laws of the state of Kansas, and has been a city of the second class for more than three years last past.

"2. Said defendant, O. J. Bissell, was, on the 11th day of September, 1889, and prior thereto and upon divers other days between that date and the 1st day of December, 1889, a resident of said city of Girard, and therein engaged in the practice of medicine as a physician and doctor, without having paid the license tax and obtained a license from said city therefor.

"3. Said defendant was at the dates above specified registered as a physician and surgeon in the office of the clerk of Crawford county, Kansas, as follows: Date of registration, May 16, 1889; residence, Girard, Crawford county, Kansas; nativity, American; years' practice, 43; in Kansas, 6 years; diploma conferred, March, 1847; college, medical department Willoughby University, Willoughby, Lake county, Ohio."

The appellant challenges the power of the city council to pass such an ordinance as the one under which he was convicted in the court below. Section 804 of the Gen. Stat. of 1889, being § 3 of chapter 40 of the Laws of 1881, confers express authority upon the city council, in cities of the second class, to levy and collect a license tax on doctors. The ordinance in question makes it unlawful for any person to practice medicine, or to follow the profession of physician, or doctor of any kind, without having first paid a license tax of ten dollars annually. The agreed statement of facts clearly indicates that the appellant comes within the operation of this ordinance. He was engaged in the practice of medicine, as a physician and doctor, and had not paid the license tax.

The question of the authority for such legislation, upon the part of city governments, has long since been settled by this

court, and it will not be necessary for us to discuss the matter here. Judge Dillon, in his work on Municipal Corporations, (3d ed., § 357, note,) has summed the law up in a single sentence:

"Unless specially restrained by the constitution, the legislature may provide for the taxing of any occupation or trade, and may confer this power upon municipal corporations."

See *Campbell v. City of Anthony*, 40 Kas. 652; *City of Newton v. Atchison*, 31 id. 151, and authorities there cited, for a full and elaborate discussion of the question.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.