## GAAR, SCOTT & COMPANY V. O. K. SHANNON.

### Decided December 16, 1908.

**1.—Foreign Corporation—License Tax—Constitutional Law.**

Though a former permit had been granted a corporation of another State to do business in Texas for a term of ten years, on payment of the franchise tax then fixed by law, it was not unconstitutional for the Legislature to impose a higher tax thereafter and during such term for the same privilege and to provide for forfeiture of the right to do business on failure to pay it.

**2.—Same—Taxation.**

The charge imposed by a State on the privilege granted to a foreign corporation to do business therein is a license, and not a property tax; and this is so though the amount required to be paid is a graduated one, based on the gross receipts, or the profits of the business, or amount of capital, or such other basis as may be fixed by the Legislature; and this does not constitute double taxation.

**3.—Unlawful Taxation—Voluntary Payment—Protest.**

Payment of an illegal demand, with full knowledge of the facts which render it illegal, must be deemed voluntary, though made under protest, unless made under urgent necessity or to release from detention or to prevent immediate seizure of person or property.

**4.—Same—Duress—Interstate Commerce.**

If a foreign corporation is engaged only in business which is interstate commerce, and hence not taxable by the State, its rights would not be affected by a forfeiture of its permit to do business in the State; and such forfeiture for nonpayment of a license tax would not be duress which would make the payment thereof by it under protest an involuntary one.

**5.—Taxation—License—Equality and Uniformity.**

A license tax on foreign corporations is not invalid if equal and uniform in its operation and application to all of that class, though a like tax is not imposed on domestic corporations.

**6.—Unlawful Taxes—Action to Recover Back—Parties.**

It seems, in the opinion of Mr. Justice Rice, that, in an action to recover back from the Secretary of State taxes illegally collected by him from a corporation, the petition should allege that the money collected was still in the possession of that officer.

Appeal from the District Court of Travis County.  Tried below before Hon. V. L. Brooks.

*Bulkley, Gray & More* and *J. M. Patterson*, for appellant.—A taxing officer can be sued.  He can not justify upon the ground that the suit is against the State.  Virginia Coupon Cases, Poindexter v. Greenhow, 114 U. S., 270; Scottish Union Nat. Ins. Co. v. Herriott, 80 N. W., 666; Insurance Co. v. Van Cleave, 191 Ill., 410; In re Tyler, 149 U. S., 164; Smyth v. Ames, 169 U. S., 466; Pennoyer v. McConnaughy, 140 U. S., 1; Scott v. Donald, 165 U. S., 658; Tindal v. Wesley, 167 U. S., 204; In re Ayres, 123 U. S., 443.

The taxes sought to be recovered in this case were not voluntarily paid.  Virginia Coupon Cases, 114 U. S., 270; Insurance Co. v. Van Cleave, 191 Ill., 410; Arkansas Bldg. & Loan Assn. v. Madden, 175 U. S., 269; Erskine v. Van Arsdale, 15 Wall., 75; Denver v. Evans, 84

Pac., 65; Rumford Chemical Works v. Ray, 33 Atl., 443, 34 Atl., 814; Robertson v. Frank Bros., 132 U. S., 17; City of Chicago v. Klinkert, 94 Ill. App., 524; Swift & Co. v. United States, 111 U. S., 22; Galveston County v. Galveston Gas Co., 72 Texas, 509.

Taxes paid under protest, duress or compulsion may be recovered back in an action at law if illegal. Erskine v. Van Arsdale, 15 Wall., 75; Stone v. Nelson, 42 N. W., 548; City of Marshall v. Snediker, 25 Texas, 460; Scottish Union & Nat. Ins. Co. v. Herriott, 80 N. W., 666; City of Denver v. Evans, 84 Pac., 65; Rumford Chemical Works v. Ray, 33 Atl., 443, 34 Atl., 814; Boston & Sandwich Glass Co. v. City of Boston, 45 Mass., 181; Dunnell Mfg. Co. v. Newell, 2 Atl., 766; Creamer v. Inhabitants of Bremen, 40 Atl., 555; Woodmere Cemetery Assn. v. Springwells Township, 90 N. W., 277; Gaar-Scott & Co. v. Sorum, 90 N. W., 801; La Salle County v. Simmons, 10 Ill., 513; Harvey & Boyd v. Board of Trustees, 42 Ill., 336; Prickett v. Madison County, 14 Ill. App., 454; Chicago v. Sperbeck, 69 Ill. App., 562; Robertson v. Frank Bros. Co., 132 U. S., 17; Chicago v. Klinkert, 94 Ill. App., 524; City of Chicago v. Waukesha Brewing Co., 97 Ill. App., 585; Henry v. Town of Chester, 15 Vt., 460; Chicago & A. R. Co. v. Chicago, V. & W. Coal Co., 79 Ill., 121; German Alliance Ins. Co. v. Van Cleave, 191 Ill., 410; Swift & Co. v. United States, 111 U. S., 22; Baker v. Panola County, 30 Texas, 87; Wood v. Stirman, 37 Texas, 585; City of Galveston v. Snyder, 39 Texas, 236; Galveston Gas Co. v. County of Galveston, 54 Texas, 287; Galveston County v. Gorman, 49 Texas, 279; Galveston County v. Galveston Gas Co., 72 Texas, 509.

Chapters 19 and 72 of the laws of the Twenty-ninth Legislature of the State of Texas impair the obligation of the contract entered into between the State of Texas and plaintiff on the 23d day of May, 1901. American Sm. & Ref. Co. v. Colorado, 204 U. S., 103; Cumberland Teleph. & Tel. Co. v. Hopkins, 90 S. W., 594; Virginia Coupon Cases, 114 U. S., 270.

Interstate commerce can not be taxed or discriminated against in any way. A tax upon a foreign corporation doing purely an interstate commerce, like the tax in question, is in violation of paragraph 3, section 1 of the Constitution of the United States. In re Kinyon, 75 Pac., 268; Menke v. State, 97 N. W., 1020; Wrought Iron Range Co. v. Campen, 47 S. E., 658; Rock Island Plow Co. v. Peterson, 101 N. W., 616; DeWitt v. Berger Mfg. Co., 81 S. W., 334; Bateman v. Western Star Milling Co., 1 Texas Civ. App., 90; Gunn v. White Sewing Machine Co., 20 S. W., 591; Stratford v. City Council of Montgomery, 20 So., 127; Stockard v. Morgan, 185 U. S., 27; Caldwell v. North Carolina, 187 U. S., 622; Norfolk & W. Ry. Co. v. Sims, 191 U. S., 441; McCall v. California, 136 U. S., 104; McNeil v. Southern Ry. Co., 26 Sup. Ct. Rep., 722.

Soliciting the sale of goods is not doing business, and is protected by the Commerce Clause of the Federal Constitution. In addition to the authorities last above enumerated, the following will apply: Rearick v. State of Pennsylvania, 27 Sup. Ct. Rep. (U. S.), 160; Ex parte Masse, 92 S. W., 1082; French, Fitch & Co. v. Hicks, 92 S. W., 1034; King v. Monitor Drill Co., 92 S. W., 1046; Clark & Marshall on Cor-

porations, 755; Leloup v. Port of Mobile, 127 U. S., 625; Western U. Tel. Co. v. Alabama, 132 U. S., 475.

The keeping of an office in a foreign State by a corporation for the purpose of soliciting business, is not doing business in such foreign State only. Norfolk & W. Ry. Co. v. Pennsylvania, 136 U. S., 114; Texas & P. Ry. Co. v. Davis, 93 Texas, 378.

What is or is not doing business within a State so that the State may exercise some power of taxation other than the ordinary ad valorem tax upon a foreign corporation? Mearcham v. Lumber Co., 187 Pa. St., 12; Wolf Dryer Co. v. Bigler & Co., 192 Pa. St., 466; Coyt v. Sutton, 102 Mich., 324; Talapoosa Lumber Co. v. Holbert, 5 N. Y., 559; Maxwell & Co. v. Edens, 65 Mo. App., 439; Milan M. & N. Co. v. Gorton, 95 Tenn., 590; Davis & Rankin Co. v. Dix, 64 Fed., 406; Beard v. American Pub. Co., 71 Ala., 60; Doty v. Michigan C. R. Co., 8 Abb. Pr. Rep., 427; Gunn v. White Sewing Mach. Co., 20 S. W., 591; Bateman v. Western Star Milling Co., 1 Texas Civ. App., 90; Lyons & Thomas Hdw. Co. v. Reading Hdw. Co., 21 S. W., 300; Zuberbier Co. v. Harris, 35 S. W., 403; Havens & Geddes Co. v. Diamond, 93 Ill. App., 557; Sullivan v. Sullivan Timber Co., 15 So., 491; State v. Anniston Rolling Mills, 21 So., 921; In re Schollenberger, 171 U. S., 1.

Corporations are persons and are protected by the Fourteenth Amendment to the Constitution of the United States. Smyth v. Ames, 169 U. S., 466; Santa Clara County v. Southern Pac. Ry. Co., 118 U. S., 394; Charlotte, etc., R. Co. v. Gibbes, 142 U. S., 386; Gulf, C. & S. F. Ry. Co. v. Ellis, 165 Texas, 150; Clark & Marshall on Corporations, 755; Hammond Beef & Provision Co. v. Best, 40 Atl., 338.

The laws of the Twenty-ninth Legislature, being chapters 19 and 72 of the laws of the State of Texas, for the year 1905, are in violation of the Fourteenth Amendment of the Constitution of the United States. Union Refrigerator Transit Co. v. Kentucky, 199 U. S., 194; Ward v. Maryland, 12 Wall., 418; Cooley on Constitutional Limitations, sec. 16; Brown v. Maryland, 12 Wheaton, 449; Gibbons v. Ogden, 9 Wheaton, 1; Caldwell v. North Carolina, 187 U. S., 622; Norfolk & W. R. R. Co. v. Sims, 191 U. S., 441; Wrought Iron Range Co. v. Campen, 47 S. E., 658; Virginia Coupon Cases, 114 U. S., 270; Smyth v. Ames, 169 U. S., 466; In re Thornton, 12 Fed., 538; Santa Clara County v. Southern Pac. Ry. Co., 118 U. S., 395, 9 Sawyer, 166.

A State law which attempts to tax that which is beyond its jurisdiction is void and violates provisions of the Fourteenth Amendment of the Constitution of the United States. Union Transit Co. v. Kentucky, 199 U. S., 202; United States v. Railway Co., 106 N. Y., 334; Wheat., 430; 15 Wall., 281, 300; St. Louis v. Ferry Co., 11 Wall., 423; Tappen v. Bank, 19 Wall., 490; Delaware Railway Tax Cases, 18 Wall., 229; Hoyt v. Sprague, 103 U. S., 630; Gloucester Ferry Co. v. Pennsylvania, 114 U. S., 196; Pennsylvania v. Standard Oil Co., 101 Pa. St., 119.

Discriminating taxes are illegal and in violation of the Constitution of the United States. Ward v. Maryland, 79 U. S. (12 Wall.), 418; Reser v. Umatilla County, 86 Pac., 598; Laundry Cases, 27 Fed., 765; Duckwall v. City of New Albany, 25 Ind., 283; Eden v. People, 161 Ill., 296; Oliver v. Washington Mills, 93 Mass., 268; Cook on Corpor-

ations, sec. 572, C and D; Pullman Car Co. v. Pennsylvania, 141 U. S., 18; Gulph & Ship Island Railroad Co. v. Hughes, 183 U. S., 67; Postal Telegraph Co. v. Adams, 155 U. S., 688-696; Guy v. Baltimore, 100 U. S., 434; Weber v. Virginia, 103 U. S., 344; M'Culloch v. State of Maryland, 4 Wheaton, 415; Union Refrigerator Transit Co. v. Kentucky, 199 U. S., 194; Kehrer v. Stewart, 187 U. S., 60.

The tax in question is a property tax. Beach on Private Corporations, secs. 801, 820; San Fransisco v. Insurance Co., 74 Cal., 113; Parker v. Insurance Co., 42 La., 429; Taylor on Private Corporations, 479; Commonwealth v. Standard Oil Co., 101 Pa. St., 119; Ellis v. Frazier, 63 Pac., 642; Reser v. Umatilla County, 86 Pac., 595; Louisville & N. Ry. Co. v. Wright, 116 Fed., 670; Desty on Taxation, 199; Cooley on Taxation, 165.

Graduated taxes are illegal. Chapter 19 is in violation of the Constitution of the State of Texas and special provisions of Section 48, Article 3; and Sections 1, 2, and 3, Article 8. Schuster v. City of Louisville, 89 S. W., 589; Cook County v. Fairbank, 222 Ill., 578; Dalrymple v. City of Milwaukee, 53 Wis., 178; State v. Gorman, 40 Minn., 232; Fatjo v. Pfister, 117 Cal., 83; Clark & Marshall on Corporations, page 760, sec. 291.

If the tax imposed by Chapters 19 and 72, General Law of 1905, is not a property tax, it is an occupation tax and invalid because not equal and uniform upon the same class of subjects. State v. Galveston, H. & S. A. Ry. Co., 100 Texas, 153; State v. Texas & P. Ry. Co., 100 Texas, 279; Pullman Palace Car Co. v. State, 64 Texas, 274; Hoefling v. City of San Antonio, 85 Texas, 228.

*Robert Vance Davidson,* Attorney-General and *Claude Pollard,* Assistant, for appellee.—A tax collecting officer is not personally pecuniarily liable for taxes improperly collected by him, especially so when it is not shown that the money is still in his possession. Money voluntarily paid under an unconstitutional assessment of taxes can not be recovered of the tax-collecting officer after it has been paid into the treasury. Continental Land and Cattle Co. v. Board, 80 Texas, 492; Texas Land & Cattle Co. v. Hemphill County, 61 S. W., 333; Dickens v. Jones, 27 Am. Dec., 488; Saunders v. Simmons, 30 Ark., 274.

The taxes sought to be recovered were voluntarily paid, and, therefore, can not be recovered, even though improperly collected. Houston v. Feser, 76 Texas, 365; Galveston City Co. v. Galveston, 56 Texas, 494; Galveston County v. Gorman, 49 Texas, 310; Lamborn v. County Commissioners, 97 U. S., 181; Railroad Co. v. Commissioners, 98 U. S., 542; Little v. Bowers, 134 U. S., 554; San Francisco N. B. Co. v. Dinwiddie, 13 Fed., 789; Wessel v. Johnston L. & Mort. Co., 44 Am. St. Rep., 529; First National Bank v. Mayor, 45 Am. Rep., 476; Peebles v. City of Pittsburg, 47 Am. Rep., 714; McMillan v. Richards, 9 Calif., 417; Phelps v. New York, 2 L. R. A., 626; Phillips v. Jefferson County, 5 Kan., 412; Abaunsee County v. Walker, 8 Kan., 431; Robbins v. Latham, 36 S. W., 33; Sheldon v. School District, 24 Conn., 88; 2 Cooley on Taxation, 1500; 2 Dillon Municipal Corp., 947.

The Acts of the Twenty-ninth Legislature, Chapters 19 and 72, do not impair the obligation of any contract entered into between the State

of Texas and appellant. Constitution of Texas, art. 8, sec. 4; Acts of 25th Legislature, pp. 140, 168; Acts of 29th Legislature, Chapters 19 and 72; New Orleans City, etc., R. R. Co. v. New Orleans, 143 U. S., 192; Delaware Railroad Tax v. P. W. & B. R. R. Co., 18 Wall., 206; Railway Co. v. Philadelphia, 101 U. S., 528; Citizens Savings Bank v. Owensborough, 173 U. S., 636; Covington v. Kentucky, 173 U. S., 231; Louisville Water Co. v. Clark, 143 U. S., 1; Wyandott v. Corrigan, 35 Kan., 21; City of New Orleans v. Orleans R. R. Co., 21 Am. St. Rep., 365; Gray on Limitations of Taxing Power, pars. 1001-5-8; Murphree on Foreign Corporations, pars. 34-36.

If appellant is engaged exclusively in interstate commerce, it is not necessary that it should have a permit to do business in Texas; but if appellant, with full knowledge of the facts constituting the character of its business, voluntarily paid the tax, its suit can not be maintained. A forfeiture of its permit for failure to pay such tax, if its business is exclusively interstate, would have imposed no burden upon it nor deprived it of any property or any right, vested or otherwise. Allen v. Tyson-Jones Buggy Co., 91 Texas, 22; Miller v. Goodman, 91 Texas, 41; Brin v. Wachusetts Shirt Co., 42 S. W., 295; Lasater v. Purcell, Mill and Elevator Co., 22 Texas Civ. App., 33; Texas & Pac. Ry. Co. v. Davis, 93 Texas, 378; Purcell v. Johnston L. & Mort. Co., 44 Am. St. Rep., 29; Wessell v. Johnston L. & Mort. Co., 44 Am. St. Rep., 529; 2 Dillon on Municipal Corporations, 947.

Chapters 19 and 72, Acts of the Twenty-ninth Legislature, are not in violation of any provision of the Fourteenth Amendment to the Constitution of the United States. A foreign corporation is not a "citizen" within the meaning of the prohibition that the privileges or immunities of citizens of the United States shall not be abridged. The right of foreign corporations to do business within a State is purely ex comitate, and statutory provisions either limiting such right, or imposing license fees as a prerequisite to such right, or decreeing the forfeiture of such right for failure to comply with prescribed regulations, can not be regarded as depriving foreign corporations of their property without due process of law. Hall v. Virginia, 8 Wallace, 168; Philadelphia Fire Assn. v. New York, 119 U. S., 110; Pembina C. S. M. & M. Co. v. Pennsylvania, 125 U. S., 181; Hooper v. California, 155 U. S., 648; Orient Insurance Co. v. Daggs, 172 U. S., 557; Gray on Limitations of Taxing Power, par. 1098, et seq.; Murphree on Foreign Corporations, pars. 32-36; Beale on Foreign Corporations, par. 79.

The tax imposed under the Act of the Twenty-ninth Legislature is not discriminating. Murphree on Foreign Corporations, par. 162.

The tax in question is not a property tax, but is a privilege or license tax, and is not in any respect invalid or illegal. Beale on Foreign Corporations, par. 508, and authorities cited; Gray on Limitations of the Taxing Power, pars. 54-57.

The State's power to impose a license tax, whether exercised for revenue or for purposes of regulation, is co-extensive with the power of the sovereignty to exclude foreign corporations from its jurisdiction, and is subject only to the limitation that it must not encroach upon the exclusive power of Congress to regulate interstate commerce. Murphree

on Foreign Corporations, par. 143; Beale on Foreign Corporations, pars. 508, 509, and authorities cited.

RICE, ASSOCIATE JUSTICE.—Appellant instituted this suit against appellee individually to recover the sum of $575, with interest thereon, $287 of which was alleged to have been paid by it to him as Secretary of State on or about the 28th day of April, 1905, and $288 of which was paid to him as Secretary of State on April 30, 1906, which said amounts were paid as a franchise tax, claimed to be due from it to the State by virtue of the Acts of the 29th Legislature, pp. 21 and 100, for said years.

The suit was predicated on the contention that said Acts of the Legislature under which the tax was collected were and are unconstitutional and void. After all formal requisites were stated, the petition alleged, substantially, that the State in 1901, granted it a permit under the then existing law to transact business within the State for a period of ten years, and that it paid the franchise tax then imposed for said privilege; that thereafter, in the years 1905 and 1906, the Secretary of State, by virtue of the Acts of the 29th Legislature, heretofore mentioned, demanded and received from appellant the amounts sued for as a franchise tax for said years; that said tax was so paid by it under written protest, on the ground that said law was unconstitutional and void, but the points relied upon were not set forth in said protest. The petition, however, asserts the invalidity of said law chiefly upon the following grounds, viz.: That having been granted a permit under the laws of 1901, for a period of ten years, and having paid the tax therefor, the Legislature had no authority by a subsequent Act to impose an additional tax, and to do so would be violative of the provision of both the State and Federal Constitutions, which forbids any State to pass any law impairing the obligation of contracts. It further alleged that said law imposed a greater burden upon foreign than upon domestic corporations, and was, therefore, an unjust discrimination as against it in favor of domestic corporations; that the same was an Indiana corporation, doing wholly an interstate business, and was, therefore, not subject to the payment of the franchise tax and was not required to obtain a permit, and to demand the same would be in violation of law. There were other allegations under which it is claimed that said franchise tax was illegal, which we deem unnecessary to set out.

A general demurrer to this petition being sustained by the court, appellants excepted and gave notice of appeal, so that the only question for our consideration is as to the correctness of the judgment of the trial court sustaining said demurrer.

By its third assignment of error appellant insists that the court erred in sustaining the general demurrer to its petition, because it appeared therefrom that the franchise laws of the State of Texas were unconstitutional and void, being in contravention of the Constitution of the United States and of this State. By its first proposition thereunder it is insisted that said acts impair the obligation of the contract entered into between the State and plaintiff on the 23rd day of May, 1901. The Act of the Legislature under consideration provided for the payment by every foreign corporation heretofore authorized or thereafter

authorized to do business in this State, a certain franchise tax, based upon the authorized capital stock of such corporation, providing the time for its payment and prescribing a penalty of twenty-five percent on the amount of the taxes due for failure to pay the same, as well as forfeiture of right to do business in the State, and directing the Secretary of State to declare such forfeiture without judicial ascertainment by entering the same upon a ledger to be kept in his office relating to such corporations. (Sec. 1, pp. 21, 22, 23, Acts 29th Leg., 1905.) And by an amendment thereto, p. 100, sec. 1, Acts of 29th Leg., it was further provided that it should be a misdemeanor on the part of the officers of said corporations subject to the payment of such franchise tax, to fail to give under oath accurate information as to the amount of its capital stock, when demanded by said Secretary of State. There was a somewhat similar provision in the revised statutes in force in 1901, relative to the right of granting permits to foreign corporations to do business within this State, but the amount of such tax was increased by the Acts of the 29th Legislature.

We do not think that because a permit was granted to appellant under a former law the State would be thereby precluded from passing any further franchise tax law upon the same subject, even though it changed the conditions and imposed a greater tax than the former law. At the time that said permit was first granted our statute (art. 650) expressly provided that "all charters or amendments to charters under the provisions of this chapter shall be subject to the power of the Legislature to alter, reform or amend the same." And while this Act might be regarded as applicable alone to domestic corporations, there seems to be no good reason why this should not be held to be the law in the absence of such a statute, because it has been held that unless the grant of a franchise to a foreign corporation expressly exempted it from license taxation, the imposition of such tax is not invalid, and does not impair the obligation of any contract, and that no corporation could claim an immunity from taxation or from license because it paid a consideration for its charter or franchise, in the absence of a stipulation on the part of the State or other taxing power that the bonus was received in lieu of any further or future taxation. Even a provision in a charter fixing a specified sum to be paid as taxes, but not providing that such sum shall be in lieu of other taxes, is not a contract that no greater tax shall be laid. (New Orleans City R. R. Co. v. New Orleans, 143 U. S., 192; Delaware R. R. Tax, 18 Wall., 206; Union P. Ry. Co. v. Philadelphia, 101 U. S., 528; Citizens Savings Bank v. Owensboro, 173 U. S., 636; Covington v. Kentucky, 173 U. S., 231; Louisville Water Co. v. Clark, 143 U. S., 1; Wyandotte v. Corrigan, 35 Kan., 21; Gray on Limitations of Taxing Power, pars. 1001-5-8; Murphree on Foreign Corporations, pars. 34-36.) Besides this, our State Constitution provides "that the power to tax corporations and corporate property shall not be surrendered or suspended by Act of the Legislature by any contract or grant to which the State shall be a party" (Art. 8, sec. 4), which was in force when appellant secured its permit. We therefore hold that, notwithstanding a former permit had been granted, the inherent power remained in the State to change or amend the law at any time thereafter, even to the extent of levying

an additional burden for the permission granted to foreign corporations to do business within the State; and that such change of the law would not be in violation of the Constitution prohibiting the passage of any Act impairing the obligation of contracts.

By its eleventh proposition under this assignment appellant urges that the tax in question was a property tax; and by its twelfth, that fees paid to the Secretary of State for obtaining a permit for incorporation are not taxes; and by its thirteenth, that graduated taxes are illegal, and therefore, that the Acts of the Legislature under consideration are in violation of the Constitution of the State. Appellee, on the other hand, insists that the tax in question is not a property tax, but is a privilege or license tax, and is, therefore, in no respect invalid or illegal.

It is well settled that a State has the absolute right to exclude or permit foreign corporations from doing business within its boundaries, and that it is an act of comity or grace on its part to permit their coming in at all, and it has the right to impose such conditions as it may see proper in granting said permission. In Beale on Foreign Corporations, sec. 508, it is said: "The granting of such right or privilege rests entirely within the discretion of the State; and, of course, when granted may be accompanied with such conditions as its Legislature may judge most befitting to its interest and policy. It may require, as a condition of the granting of the privilege and also of its continued exercise, that the corporation pay a specified sum to the State each year or month, or a specified portion of its gross receipts or of the profits of its business, or a sum to be ascertained in any convenient mode which it may prescribe. The validity of the tax can in no way be dependent upon the mode which the State may deem fit to adopt in fixing the amount for any year which it will exact for the franchise. No constitutional objection lies in the way of a legislative body prescribing any mode of measurement to determine the amount it will charge for the privileges it bestows."

It is further said in the same section: "This tax is not a property tax, even when it is measured by the amount of property of a corporation. Therefore, to levy such a tax in addition to a property tax is not double taxation, and the tax is not subject to a constitutional requirement that taxes shall be uniform."

The same author, section 509, continuing says: "A State may, as has been seen, tax any privilege it grants. Such a tax, or rather license fee, is the payment exacted of a foreign corporation for the privilege of doing business within the State. Since a foreign corporation may be allowed to do business in a State upon conditions, the payment of a sum of money may be made a condition; and this may in form be the payment of a tax greater than or different from that paid by a domestic corporation. Such a tax is valid. It is not properly an exercise of the power to tax property, but is a license fee paid for the privilege of entering the State, and its validity is a necessary deduction from the right absolutely to exclude the foreign corporation." See also Gray on Limitations of Taxing Powers, pars. 4 to 57; Home Ins. Co. v. New York, 134 U. S., 594.

Taxes imposed on a foreign corporation as a condition of doing business generally in the State, not connected with the grant of any special privilege, is a license or privilege tax, and not a property tax, although the amount of it may be determined by the capital stock of the corporation. A foreign corporation can only come into the State and do business there by the consent of the State, and the charge imposed by the State as the condition of that consent is not a tax on property. (Horn Silver Mining Co. v. New York, 143 U. S., 305; Murphree on Foreign Corporations, par. 143.)

We think the quotations from the foregoing authorities amply establish the principle that the State has the authority to impose a franchise tax, and that the same is constitutional. We therefore overrule this assignment.

But it is insisted by appellant under another assignment that since it appears from the allegations of its petition that it was doing an interstate business, therefore, it was not subject to the franchise tax demanded of it, and hence the tax having been paid by it under protest, that it should be held to have the right to recover the same. In reply to this it might be said that the permit granted it was for the purpose of allowing it to do business within the State, and that it was no fault on the part of the State that it failed to conduct a business therein in accordance with its permit. And the fact that it paid a franchise tax for this purpose could not affect the question if said franchise tax was legal, which we hold to be the case. The ground of the protest in this instance was not that the tax was illegal because of the fact that appellant was doing an interstate business, but for the reason alone, as stated in its protest, that the law itself imposing this franchise tax was unconstitutional and void. It therefore follows that if the law imposing the franchise tax is legal, that appellant is in no position to complain on this score; but it is insisted by appellee that the taxes sought to be collected were voluntarily paid, and therefore can not be recovered, even though illegally exacted. The rule on this subject seems to be clearly stated in Dillon on Municipal Corporations, vol. 2, p. 947, as follows: "Where a party pays an illegal demand with the full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed to be voluntary, and can not be recovered back; and the fact that the party at the time of making the payment files a written protest does not make the payment involuntary." So that in the present case it can not be urged that the demand on the part of the officer that appellant should pay the tax for doing business within the State was an unlawful demand, because he clearly had the right to make such demand. The demand was not made for the payment of a tax for doing an interstate business, but for doing business within the State. This objection, that it was not in fact doing business within the State, was not then urged, and seems not to have been within the contemplation either of the Secretary of State or of appellant at the time of the demand for and the payment of the money. If appellant was doing an interstate business, as pleaded and contended for by it, then a forfeiture of its

permit could in no wise affect it, because its right to do an interstate business without first obtaining a permit is unquestioned. (Allen v. Tyson-Jones Buggy Co., 91 Texas, 22; Miller v. Goodman, 91 Texas, 41; Lassater v. Purcell Mill & Elevator Co., 22 Texas Civ. App., 33; Texas & Pac. Ry. Co. v. Davis, 93 Texas, 378.) So that the payment of the franchise tax in response to the demand by the Secretary of State was, in our judgment, a voluntary payment on the part of appellant, with a full knowledge of the facts. It was not made under compulsion or duress, so that even if it were held to have been unlawfully imposed and exacted, which in our judgment was not the case, it is not recoverable. (Houston v. Feeser, 76 Texas, 365; Galveston City Co. v. Galveston, 56 Texas, 494; Galveston Co. v. Gorham, 49 Texas, 310; Lamborn v. County Commissioners, 97 U. S., 181; Union Pac. Railroad Co. v. Commissioners, 98 U. S., 542; Little v. Bowers, 134 U. S., 554; San Francisco N. R. Co. v. Dinwiddie, 13 Fed., 789; Wessel v. Johnston Land & Mortgage Co., 44 Am. St. Rep., 529; First Natl. Bank v. Mayor, 45 Am. Rep., 476; Peebles v. City of Pittsburgh, 47 Am Rep., 714; McMillan v. Richards, 9 Cal., 417; Phelps v. New York, 2 L. R. A., 626; Phillips v. Jefferson County, 5 Kan., 412; Wabaunsee, County v. Walker, 8 Kan., 431; Robins v. Latham, 36 S. W., 33; Sheldon v. South School District, 24 Conn., 88; Cooley on Taxation, vol. 2, p. 1500, Dillon on Municipal Corp., vol. 2. p. 947.)

Again, it is urged that the tax imposed discriminated in favor of domestic corporations as against foreign. It will be observed that the tax is imposed alike upon all foreign corporations. (Acts 29th Leg., Chaps. 19 and 72.) In Murphree on Foreign Corporations, par. 162, where other authorities on the same subject are collated, it is said: "A tax imposed upon foreign companies, but which does not apply to domestic corporations, is not for that reason obnoxious to the provisions of most of the State Constitutions requiring taxes to be equal and uniform. Since the effect of such legislation is simply to classify corporations and to impose certain taxes upon the class of foreign companies; and the classification being based upon legitimate distinctions, and the burden being equal within the class, there can be no question as to the validity of the tax. Nor could the provision as to equality and uniformity be applied to license taxes, for they are, in their very nature, the subject of governmental discretion." The tax so imposed being equal and alike upon all foreign corporations within the same class, we therefore think can not be assailed merely upon the ground that a less tax is imposed upon domestic corporations; the effect of the Act being simply to classify corporations and impose a like tax upon all within the same class, which under the law, it seems the State has the clear right to do. We therefore overrule this contention.

It will be noticed that the petition in this case fails to allege that appellee had the money so collected from appellant in his possession at the time the suit was instituted. This being true, it is the opinion of the writer, however not concurred in by the majority of the court, that the petition was insufficient on this ground, and that the demurrer was for this reason also properly sustained; but the decision, of course, is not predicated upon this conclusion. In the case of Hardesty v. Fleming, 57 Texas, 399, it was held that a suit might be brought against

a tax collector to recover taxes illegally collected, if paid under protest, provided suit was brought before the money was paid over by the collecting officer; but in the case of Continental Land & Cattle Co. v. Board, it is said: "A better rule is that the collecting officer is exempt from liability to the tax payer, who should seek relief from the State, county, or municipality on whose account the tax was collected." See also on the same subject, Texas Land & Cattle Co. v. Hemphill, 61 S. W., 333, where the same rule is announced.

The remaining assignments of error, in our judgment, are not well taken, and, without discussing them in detail, the same are overruled.

Believing that no error has been shown, the judgment of the trial court is affirmed.

*Affirmed.*

Writ of error refused.