CHERBONNIER v. CITIZENS' NAT. BANK OF LUBBOCK. (No. 1266.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 5, 1917.)

1. PLEADING ⟨key⟩214(1) — DEMURRER—ADMISSIONS.

A demurrer admits the truth of statements in the pleading against which it is directed.

2. BILLS AND NOTES ⟨key⟩382 — THEFT — DEFENSE AGAINST BONA FIDE PURCHASER.

A negotiable instrument stolen from the maker before it has become effective as an actual obligation by actual or constructive delivery cannot be enforced by any subsequent innocent holder.

3. BANKS AND BANKING ⟨key⟩146—PAYMENT OF STOLEN PAPER—RECOVERY—ACQUIESCENCE.

Plaintiff drew checks for a milling company of which he was manager, and in the regular course of business drew a check payable to B. or order. The check was never delivered to B. but was taken from plaintiff's office without his fault and presented to defendant bank by an unknown person, which bank paid the check on a forged indorsement. Defendant bank then under an indorsement, "Pay to the order of any bank or banker all prior indorsements guaranteed," transmitted the check to the bank on which it was drawn, which bank paid the same and charged it to the account of the milling company. Thereupon the milling company charged the amount of the check to plaintiff's account, and he acquiesced in the charge. Held that, as, if plaintiff had not acquiesced in the charge, the milling company would not have been liable, and the bank on which the check was drawn could have had recourse against defendant, plaintiff cannot recover from defendant having voluntarily acquiesced in the charge, for such acquiescence must be deemed a ratification and a voluntary payment.

Appeal from Lubbock County Court; J. H. Moore, Judge.

Action by C. C. Cherbonnier against the Citizens' National Bank of Lubbock. From a judgment for defendant, plaintiff appeals. Affirmed.

J. W. Burton, of Crosbyton, and Percy Spencer, of Lubbock, for appellant. Bean & Klett, of Lubbock, for appellee.

HALL, J. The appellant sued appellee bank to recover the sum of $229.90, evidenced by a check signed by appellant as agent for the Star Mill & Elevator Company and drawn on the First National Bank of Amarillo. The case is presented here upon one proposition, that the court erred in sustaining the general demurrer urged by appellant bank to the original petition. Omitting the formal parts, the petition is as follows:

"(3) That on or about October 30, 1914, the plaintiff was the agent at Crosbyton, Tex., for the Star Mill & Elevator Company of Amarillo

Tex., in the purchasing and selling of grain; that at said time it was a part of his duty to purchase grain from farmers and execute in payment thereof checks of said Star Mill & Elevator Company, drawn on the First National Bank of Amarillo, Tex., and signed by plaintiff as manager.

"(4) That on or about said mentioned day and in the regular course of business, the plaintiff drew a check dated Crosbyton, Tex., October 30, 1914, payable to G. W. Baker, or order, for $229.90, a copy of which is hereto attached and marked 'Exhibit A.'

"(5) Plaintiff says that said check was never delivered to said G. W. Baker but that same was taken from the office of plaintiff at Crosbyton, Tex., without the fault of plaintiff and on November 2, 1914, was presented to the defendant bank at Lubbock, Tex., by a person unknown to plaintiff but plaintiff is informed and believes the fact to be that it was one Walter Reed, who had formerly been in the employ of plaintiff at Crosbyton, Tex.

"(6) That when said check was presented to the defendant bank at Lubbock, by said Walter Reed, or whoever it was that presented same, the said Walter Reed, or other party signing the name of Geo. W. Baker on the back thereof, and defendant bank paid to said party the sum of $229.90, and thereupon stamped upon the back of said check the following indorsement: 'Pay to the order of any bank or banker. Nov. 2, 1914. (All prior indorsements guaranteed.) The Citizens' National Bank, Lubbock, Texas.'

"(7) That said check was not presented by G. W. Baker, the payee, nor by any body of that name but that the name of Geo. W. Baker was written on the back without the consent of said Baker or any one acting for him and the plaintiff avers that the same is a forgery.

"(8) Plaintiff says that the defendant, by reason of paying the amount of money specified in said check as above set out, and making the indorsements on the back thereof, as above mentioned, all of which more than fully appear on said check, which will be produced at the trial hereof, became liable for the amount of money specified in said check and it was the duty of said bank to ascertain who it was paying the money to and that same was paid at its peril.

"(9) Plaintiff further says that said bank, disregarding its duty, carelessly paid said money to the said Walter Reed, or whoever it was that presented said check without inquiring or ascertaining whether he was the G. W. Baker mentioned in said check.

"(10) Plaintiff further says that the defendant, in due course of business, deposited said check with its correspondent and that same was finally paid by the First National Bank of Amarillo, Tex., who remitted the amount thereof to the defendant.

"(11) Plaintiff further says that he is now the owner and holder of said check, having paid to the Star Mill & Elevator Company the $229.90 mentioned herein, which had been charged to his account.

"(12) Walter Reed is not made a party hereto because he is insolvent and his whereabouts are unknown to plaintiff."

Attached to the petition, as an exhibit, is the check described above, showing the following notation on the face thereof: "First National Bank of Amarillo. Paid, Nov. 5, 1914. Amarillo, Texas"—and the following indorsements: "Geo. W. Baker." "Pay to the order of any bank or banker. Nov. 2, 1914. (All prior indorsements guaranteed.) The Citizens' National Bank, Lubbock, Texas."

[1-3] It is alleged that the check in question was taken from appellant's office without his fault. The general demurrer admits the truth of this statement. Daniel on Negotiable Instruments (6th Ed.) vol. 1, § 63, citing Salley v. Terrill, 95 Me. 553, 50 Atl. 896, 55 L. R. A. 730, 85 Am. St. Rep. 433, declares that a negotiable instrument, stolen from the maker before it has become effective as an obligation by actual or constructive delivery, cannot be enforced by any subsequent innocent holder. The pleading further shows that the check was cashed by the appellee bank and that such bank collected the amount thereof from the drawee bank guaranteeing the genuineness of the indorsement of the payee. Because the check had never been delivered by appellant, it was an absolute nullity as an obligation, and it is further settled that the Lubbock bank having paid it upon a forged indorsement could not have collected the amount thereof from either the drawee or the drawer. The rule is well established that one paying an illegal demand with knowledge of the facts rendering the same illegal without any immediate necessity therefor, makes a voluntary payment which he cannot recover. Gaar, etc., Co. v. Shannon, 52 Tex. Civ. App. 634, 115 S. W. 361; Galveston City Co. v. Galveston, 56 Tex. 486. The pleading shows that the check was paid by the drawee bank, charged to the account of the mill and elevator company and by that company charged to appellant's account, and that he acquiesced in such charge and took up the check, alleging that he is now the owner and holder of it. He alleges no facts showing duress, nor any apparent necessity for making the payment. He could have successfully resisted the effort of the mill and elevator company to collect the amount of the check from him by showing that it had never been delivered and was taken from his possession without his fault and without his knowledge or consent. If he had adopted this course the mill and elevator company could have collected the amount from the drawee bank and that bank in turn could have had recourse upon appellee on its indorsement, guaranteeing the genuineness of the indorsement of the payee. Having voluntarily paid the demand which could not have been collected from him he cannot now be permitted to recover against even the elevator company, and certainly not upon the guaranty made by appellant bank. By paying the amount of the check he had ratified the act of Walter Reed in issuing it and should not be permitted to assert that it was taken from his possession without his consent and is therefore illegal. The drawee bank having charged the amount of the account to the elevator company, the act of appellee in reimbursing the elevator company precludes the drawee bank from recovering from appellee, and he is now estopped from

asserting any claim whatever against either the drawee or the mill and elevator company.

We sustain the court's ruling, and the judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes