Bute v. Hamilton County.

---

GEORGE C. BUTE ET AL., APPELLANTS, V. HAMILTON COUNTY, APPELLEE.

FILED MARCH 6, 1925.    No. 23789.

1. **Taxation: EQUALIZATION: APPEAL.** On appeal from the finding of a board of county commissioners sitting as a board of equalization, the issues are confined to those raised at the hearing before such commissioners.

2. ———: STOCK OF FOREIGN CORPORATION. Shares of stock in a foreign corporation, owned and in possession of a resident of this state, are taxable under section 5820, Comp. St. 1922, and not under section 5884, Comp. St., 1922, which latter provides for taxation of domestic corporations only.

3. ———: CLASSIFICATION OF STOCKS. To provide by statute for one mode of taxation as to stock in foreign corporations, and a different one for stock in domestic corporations, is a reasonable classification, and is not void for lack of uniformity.

4. ———: STOCK OF FOREIGN CORPORATION. Taxation of the capital stock of a foreign corporation at its domicile does not prevent the taxation in this state of shares of stock in such corporation, owned and possessed by a resident of this state.

APPEAL from the district court for Hamilton county: LOVEL S. HASTINGS, JUDGE. *Affirmed.*

*Hainer, Craft, Edgerton & Fraizer,* for appellants.

*John J. Reinhardt* and *M. F. Stanley, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EVANS, JJ.

THOMPSON, J.

The board of county commissioners of Hamilton county, sitting as a board of equalization, was about to list for taxation purposes shares of stock in the Buckhannon River Coal Company, and the Finke Creek Coal & Coke Company, West Virginia corporations, then and prior thereto owned and in the possession of George C. Bute *et al.*, residents of Hamilton county, when Bute, in behalf of himself and the others, interposed the following, which appears in his brief:

"In his petition, Mr. Bute, for himself and others, alleged that the Buckhannon River Coal Company is a corporation organized under the laws of and doing business in West Virginia, and is the owner of real estate, houses, lots, mining equipment and mineral rights, and that each year it has been duly and legally assessed in West Virginia on its property and has paid its legal taxes. He alleged that during the month of April, 1922, the company lost $7,000, and the same amount during the month of May, and that the company has not operated during April 1, 1922, and at the time of the filing of the petition there was no present prospect of the settlement of the strike then rampant. He alleged that the shares of stock had no mar-

ket value,¹ and were not offered on any of the exchanges and were not bought and sold as commercial stock.

"He alleged that the Finke Creek Coal & Coke Company is incorporated in West Virginia and is the owner of certain mineral rights in that state; that these lands are far from market and inaccessible to any railroad and have no present market value because of their inaccessibility. He alleged that the company had been organized for 18 years or more and had never paid a single dividend, and had never made any development of its lands and had each year called upon its stockholders for their respective shares of the taxation and other expenses incidental to the corporation in West Virginia. He alleged that unless a railroad is built to these lands they will never have any value and the company will never reap any rewards, and that if there is any value at all now it is a mere speculative value and no real value, and that the shares of stock have no real value. He alleged that this assessment so fixed by the board of equalization of Hamilton county is unjust, unlawful, illegal, and double taxation. He asked that the shares of the Buckhannon River Coal Company be assessed not to exceed $50 a share, and that the assessment of the Finke Creek Company be stricken from the record."

In its answer, Hamilton county alleged that the Buckhannon River Coal Company was a regular operating company, and that the shares of stock on April 1, 1922, were fully worth what they were assessed, and that they were assessable in Hamilton county. The answer further alleged that enormous deposits of coal underlie the lands owned by these two companies, and that the values fixed by the board of equalization were not exorbitant and should stand.

After a hearing the board of equalization found the stock in the Buckhannon River Coal Company to be worth 100 cents on the dollar, and that in the Finke Creek Coal & Coke Company 50 cents on the dollar. From this finding appeal was had to the district court. A hearing was had on the same issues presented to the board, decree entered,

leaving the valuation of the stock in the former corporation at 100 cents, and reducing the valuation of the stock in the latter to 20 cents. From this decision, Bute and others appeal, relying for reversal upon the following propositions:

(1) "The proper method of valuing the shares of stock of these foreign corporations is the same method as defined by section 5884, for the valuation of shares of stock of Nebraska corporations. To hold that the law raises some other method for fixing the value of the West Virginia corporate stock will cause the law to violate the constitutional provision for uniformity."

(2) "The valuation placed by the court upon this stock owned by Bute and others is exorbitant and excessive."

There is an attempt, by way of a reply brief of appellants to raise questions not presented to the board of equalization. Both by statute and our previous holdings, we are limited, as was the trial court, to the issues raised at the initial hearing. *Reimers v. Merrick County,* 82 Neb. 639; *Nebraska Telephone Co. v. Hall County,* 75 Neb. 405. We shall so confine our considerations.

As to defendant's first contention, section 5884, Comp. St. 1922, as we construe it, does not include stock in a foreign corporation. The material parts of this section to the question before us are:

"Moneys, gross credits, including corporation shares or stocks, * * * shall be separately listed and shall be taxed on the basis of twenty-five per cent. of the mill rate levied upon tangible property where said intangible property is assessed, the same to be assessed and collected where the owner resides: Provided, that the value of the shares or stock of corporations organized under the laws of this state shall be determined for the purpose of this section by deducting from the actual value of the paid-up capital stock, surplus and undivided profits of such corporation available for stock dividends, the actual value of the property of the corporation, both tangible and intangible, listed and taxed in this state and the actual value of the property of the corporation outside of this state."

It will be noticed that the above proviso affords a means of finding the value of stock in corporations "organized under the laws of this state." This proviso, as here used, serves to define the words "corporation shares or stocks" appearing in the preceding part of the same section, and limits them to that of a domestic corporation only. Defendant relies upon the recent decision in *State Bank v. Endres,* 109 Neb. 753. It must be remembered that section 5887, Comp. St. 1922, therein construed, does not contain a proviso serving to define the word "bank" as used in such section. Therefore, the conclusion reached herein is not in conflict with that case.

Thus, it is considered by us that the stock sought to be subjected to taxation is covered by the provisions of section 5820, Comp. St. 1922, which is as follows: "All property in this state, not expressly exempt therefrom, shall be subject to taxation, and shall be valued and assessed at its actual value. 'Actual value,' as used in this act, shall mean its value in the market in the ordinary course of trade."

The Constitution, as it stood before the amendment of 1920, of itself supplied the classification of property for taxation purposes; the amendment vests this power in the legislature. The classifying of stock in foreign corporations different from that in domestic corporations, for assessment, does not contravene the constitutional provision for uniformity. In this conclusion we are supported by *Gaar, Scott & Co. v. Shannon,* 52 Tex. Civ. App. 634; *Ducat v. City of Chicago,* 48 Ill. 172; *Hughes v. City of Cairo,* 92 Ill. 339; *Bacon v. Board of State Tax Commissioners,* 126 Mich. 22; *Hunter v. Wells Fargo Express Co.,* 134 Ia. 358.

Appellee urges that appellant abandoned his contention of double taxation on this appeal, relied upon in the lower court, because the stock in question has been assessed in West Virginia. Whether he did or not, the contention is without merit. *Dwight v. Mayor and Aldermen of City of Boston,* 94 Mass. 316; *Bradley v. Bauder,* 36 Ohio St. 28; *Judy v. Beckwith,* 137 Ia. 24.

The evidence amply supports the finding and judgment of the district court as to the value of the stock in the Buckhannon River Coal Company, as well as that in the Finke Creek Coal & Coke Company, especially as to their respective values "in the market in the ordinary course of trade." Such valuation is neither exorbitant nor excessive.

The judgment of the district court is

AFFIRMED.

Note—See Taxation, 37 Cyc. 748 (1926 Ann.), 759, 864, 865, 1031, 1118.